UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



----------------------------------x

PEARSON EDUCATION, INC. AND
CENGAGE LEARNING INC.,

              Plaintiffs,

   -against-

JOHN DOE D/B/A EXPRESS0704
D/B/A EXPRESS0701 D/B/A
JEACK RET AND JOHN DOES NOS. 1-5,

             Defendants.

----------------------------------x

## COMPLAINT

Plaintiffs Pearson Education, Inc. ("Pearson") and Cengage Learning Inc. ("Cengage"), by their undersigned attorneys, for their complaint against defendants John Doe d/b/a Express0704 d/b/a Express0701 d/b/a Jeack Ret and John Does Nos. 1-5, aver:

### Nature of the Action

1. Plaintiffs are bringing this action to obtain legal and equitable relief to remedy defendants' infringement of plaintiffs' copyrights through their sales of electronic copies of instructors' solutions manuals.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction over the claim in this action pursuant to 28 U.S.C. §§ 1331 and 1338

because it arises under the Copyright Act, 17 U.S.C. § 101 et seq.

3.  Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1391.

## Parties

4.  Pearson is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at One Lake Street, Upper Saddle River, New Jersey 07458.

5.  Cengage is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 200 First Stamford Place, 4th Floor, Stamford, Connecticut 06902.

6.  Upon information and belief, defendant John Doe d/b/a Express0704 d/b/a Express0701 d/b/a Jeack Ret is a natural person whose identity is currently unknown to plaintiffs.

7.  Upon information and belief, defendants John Does Nos. 1-5 are natural persons whose identities are presently unknown to plaintiffs.

## The Business of Plaintiffs

8.  Each plaintiff publishes a variety of works, including educational books.

9.  As a standard practice, each plaintiff requires its authors to assign the copyrights to them or grant them the

exclusive rights of reproduction and distribution in the United States. This practice enables each plaintiff to maximize the dissemination of each work.

10. Plaintiffs invest significant monies to publish their copyrighted works. Plaintiffs, for example, make substantial investments in royalties, content creation, licensing, copyediting, proofreading, typesetting, layout, printing, binding, distribution, and promotion.

11. Plaintiffs earn a substantial portion of their revenue from the publication of their copyrighted works and would suffer serious financial injury if their copyrights were not enforced. A substantial decline in their income could cause plaintiffs to cease publishing one or more deserving books or journals. This would adversely impact the creation of new works, scholarly endeavor, and scientific progress.

12. An important part of plaintiffs' business is derived from publishing college textbooks. College professors select textbooks from competing publishers based on the pedagogical value and the quality of supplementary materials.

13. Instructors' solutions manuals are important supplementary materials. Professors use instructors' solutions manuals to aid in grading homework. Students, however, use instructors' solutions manuals to cheat. Professors are less likely to select a textbook if the instructors' solutions manuals

are freely and/or widely available. Accordingly, plaintiffs do not sell their instructors' solutions manuals, and tightly control their distribution to known faculty.

14. Plaintiffs routinely register their copyrights. Plaintiffs routinely register their copyrights. Pearson has generally registered its copyrights in its works, including those identified on Schedule A (the "Pearson Copyrights"). Cengage has generally registered its copyrights in its works, including those identified on Schedule B (the "Cengage Copyrights").

The Infringing Acts of Defendants

15. Defendants have without permission reproduced and sold copies of plaintiffs' works. Specifically, defendants have reproduced and sold electronic copies of plaintiffs' instructors' solutions manuals through online sales at sites such as Abebooks.com using the usernames Express0704, Express0701, and Jeack Ret, and the e-mail addresses Express0704@gmail.com, Express0701@gmail.com and Gjdfldlfj@gmail.com.

A CLAIM FOR RELIEF

(Copyright Infringement - 17 U.S.C. § 501)

16. Plaintiffs repeat the averments contained in paragraphs 1 through 15 as if set forth in full.

17. Pearson has received United States Certificates of Copyright Registration for the Pearson Copyrights.

18. Cengage has received United States Certificates of Copyright Registration for the Cengage Copyrights.

19. The Pearson and Cengage Copyrights are valid and enforceable.

20. Defendants have infringed the Pearson and Cengage Copyrights in violation of 17 U.S.C. § 501.

21. Defendants' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage plaintiffs. Plaintiffs have no adequate remedy at law for these wrongs and injuries. Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, employees, and attorneys and all persons acting in concert with them, from infringing the Pearson and Cengage Copyrights.

22. Defendants have willfully infringed the Pearson and Cengage Copyrights.

23. Plaintiffs are entitled to recover all damages sustained as a result of defendants' unlawful conduct including (1) defendants' profits, or (2) plaintiffs' damages, or alternatively (3) statutory damages.

WHEREFORE, plaintiffs demand judgment:

A.  Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and

all those acting in concert with them from infringing the Pearson and Cengage Copyrights in violation of 17 U.S.C. § 501;

      B.  Awarding plaintiffs their damages or defendants' profits, or alternatively, at plaintiffs' election, statutory damages, as a result of defendants' willfull infringement of the Pearson and Cengage Copyrights;

      C.  Awarding plaintiffs their costs in this action, including their reasonable attorneys' fees pursuant 17 U.S.C. § 505;

      D.  Granting such other and further relief as to this Court seems just and proper.

Dated: New York, New York
       July 9, 2008

DUNNEGAN LLC

By /s/ William Dunnegan
William Dunnegan (WD9316)
Megan L. Martin (MM4396)
Attorneys for Plaintiffs
  Pearson Education, Inc. and
  Cengage Learning Inc.
350 Fifth Avenue
New York, New York 10118
(212) 332-8300

Schedule A
"Pearson Copyrights"

<u>Title</u>    (<u>Date of Registration</u>)    (<u>Registration #</u>)

1. Options Futures and Other Derivatives, (May 20, 1998) (TX0004772248)
2. Feedback Control of Dynamic Systems, (January 16, 1991) (TX0002992276)
3. Elements of Chemical Reaction Engineering, (September 17, 1991) (TXu000488242)
4. Physics: Principles with Applications, (April 1, 2004) (TX0005961576)
5. Econometric Analysis, (September 27, 2002) (TX0005618734)
6. Electronics, (October 4, 1999) (TX0005065772)
7. Digital Communications: Fundamentals and Applications, (April 26, 2001) (TX0005300717)
8. Digital Signal Processing, (May 23, 2006) (TX0006347802)
9. Linear Algebra with Applications, (July 22, 2004) (TX0006005808)
10. Communication Systems Engineering, (September 26, 2001) (TX0005441572)
11. Introduction to Quantum Mechanics, (May 4, 2004) (TX0005959250)
12. Discrete Time Signal Processing, (June 16, 1999) (TX0004233852)
13. Electric Circuits, (November 30, 2006) (TX0006480516)
14. Operating Systems: Internals and Design Principles, (January 14, 1998) (TX0004693854)
15. Introduction to Electrodynamics, (March 25, 1999) (TX0004950391)
16. Signals, Systems and Transforms, (October 15, 2002) (TX0005622947)
17. Solid State Electronic Devices, (January 6, 2000) (TX0005113596)
18. Artificial Intelligence: A Modern Approach, (February 4, 2003) (TX0005677567)
19. Automatic Control Systems, (February 12, 1987) (TX0002015018)
20. Field and Wave Electromagnetics, (February 10, 1989) (TX0002510851)

Schedule B
"Cengage Copyrights"

<u>Title</u> (<u>Date of Registration</u>) (<u>Registration #</u>)

1. Physics for Scientists And Engineers, (October 14, 1999) (TX0005068398)
2. Calculus, (November 20, 1995) (TX0004153281)
3. The Science & Engineering Of Materials, (October 2, 1984) (TX0001424141)
4. Multivariable Calculus, (November 23, 2001) (TX0005661120)
5. Analytical Mechanics, (April 6, 2004) (TX0005948682)
6. Classical Dynamics of Particles and Systems, (July 30, 2003) (TX0005827168)
7. Fundamentals of Logic Design, (July 7, 2003) (TX0005804154)
8. Organic Chemistry, (June 1, 2005) (TX0006179731)
9. Calculus: Early Transcendentals, (January 15, 2003) (TX0005641915)
10. Probability and Statistics for Engineering and the Sciences (July 30, 2003) (TX0005790230)